UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JASMINE C. SANDERS,

    Plaintiff,

v.

DEBT RECOVERY SOLUTIONS, LLC,

    Defendant.

Case No. 1:21-cv-00369

## COMPLAINT

**NOW COMES** JASMINE C. SANDERS, by and through her undersigned counsel, complaining of DEBT RECOVERY SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. JASMINE C. SANDERS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. DEBT RECOVERY SOLUTIONS, LLC ("Defendant") is a limited liability company organized under the laws of New York.

8. Defendant maintains its principal place of business at 900 Merchants Concourse, Ste. LL-11, Westbury, New York 11590.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

10. On February 22, 2013, Plaintiff incurred medical services with EMP ok Cook County LLC.

11. Due to financial hardship, Plaintiff was unable to pay for the services incurred.

12. Eventually, Plaintiff's account fell into default status with an outstanding balance of approximately $676.20 ("subject debt").

13. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Shortly thereafter, Defendant purchased the subject debt and began collection activities on the subject debt.

15. On or around April 2, 2020, Defendant sent Plaintiff a written correspondence attempting to collect the subject debt ("Defendant's Letter").

16. Defendant's Letter depicted, in pertinent part:



17. Defendant's Letter presented a discounted offer to Plaintiff in order to resolve the subject debt.

18. Moreover, Defendant's Letter expressly stated: "No more calls…no more letters…account(s) closed" ("the language").

19. The language implicitly implies that the ***only*** way to compel Defendant to cease its collection activity is to agree to take the discounted offer encumbered in Defendant's Letter.

20. The language is patently misleading because the FDCPA requires debt collectors to cease communications with a consumer regarding a debt if the consumer requests the same in writing.

21. Specifically, subject to inapplicable exceptions, §1692(c)(c) of the FDCPA provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or **that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt**…. 15 U.S.C. §1692(c)(c).

22. The language in Defendant's Letter was designed to mislead Plaintiff and other similarly situated consumers into believing that they must make payment on the debt to compel the cessation of the collection activity.

23. However, as set forth above, the FDCPA expressly provides consumers with mechanisms to compel the cessation of communications from a debt collector.

24. The language in Defendant's Letter was deliberately designed to mislead Plaintiff and pressure Plaintiff into making a prompt payment on the subject debt in order to compel Defendant to cease its collection activity.

25. The language in Defendant's Letter was consciously designed to mislead Plaintiff as to her rights and protections under the FDCPA and to obfuscate the same.

### **DAMAGES**

26. After reading the language in Defendant's Letter, Plaintiff was misled into believing that she had to make payment pursuant to the discounted offer enumerated in Defendant's Letter to compel Defendant to discontinue its collection calls or prevent Defendant from initiating future collection calls.

27. Accordingly, Defendant's misleading representations were material because it impacted Plaintiff's decision making process regarding the subject debt including payment on the subject debt.

28. Specifically, Plaintiff has very limited means to pay the subject debt and was misled into believing she had to make payment to escape Defendant's harassment.

29. The conundrum created by the language in Defendant's Letter caused Plaintiff significant emotional distress and anxiety due to her limited financial means.

30. It was only after Plaintiff conferred with her counsel did she discover that she does not have to select the discount offer enumerated in Defendant's Letter to compel Defendant to cease its collection calls.

## CLAIMS FOR RELIEF

## COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

31. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

33. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

34. Defendant violated 15 U.S.C. §§1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt.

35. Specifically, it is was inherently deceptive for Defendant to mislead Plaintiff into believing that Plaintiff has to accept the discounted offer in order to compel Defendant to discontinue its collection calls and letters or otherwise prevent Defendant from initiating future collection activity.

36. As set forth above, the FDCPA provides consumers with mechanisms to compel a debt collector to cease communication with a consumer that do not require the consumer to make a payment on the debt.

37. Accordingly, the language in Defendant's Letter misled Plaintiff as to her rights under the FDCPA.

38. The deceptive language in Defendant's Letter misled Plaintiff in a manner that deprived her of her right to enjoy the protections of the FDCPA.

39. As set forth above, Plaintiff was harmed by Defendant's deceptive collection practices.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Awarding Plaintiff her reasonable attorney's fees and costs;
d. Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 21, 2021                     Respectfully submitted,

**JASMINE C. SANDERS**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com